### KINGS COUNTY EL. RY. CO. v. COCKS et al.

(Supreme Court, Special Term, Kings County. March 8, 1893.)

ELEVATED RAILROAD—RIGHT TO SUPPORT — CONSENT OF ABUTTING OWNER.

Where defendants, for a valuable consideration, consented to the construction and operation of plaintiff's elevated railroad in the street in front of their property, they will be enjoined from excavating in the street so as to interfere with the supports of the railroad; and it is immaterial whether defendants own the fee of the street, or whether they own merely to the line of the street.

Action by the Kings County Elevated Railway Company against Eliza J. Cocks and another to restrain defendants from excavating in the street under plaintiff's railroad. Defendants demur to the complaint. Demurrer overruled.

Albert B. Boardman, for plaintiff.
Charles H. Otis, for defendants.

DYKMAN, J. This is an issue of law raised by a demurrer to the plaintiff's complaint, upon the ground that it does not state facts sufficient to constitute a cause of action, and the question presented is one of serious import to the plaintiff. If the contention of the defendants is sustained, then the plaintiff holds its structure by a very attenuated right, for it will in that event be within the power of every property owner along its line to undermine the supporting columns with impunity, and allow them to subside and ruin the fabric. The complaint states that the plaintiff is a corporation organized under chapter 606 of the Laws of 1875, and that all the steps requisite for that purpose were taken prior to October 27, 1885; that the route fixed by the commissioners appointed by the board of supervisors for the plaintiff road ran through Fulton street, in front of the property of the defendants Eliza J. Cocks and John J. Cocks, and prior to the construction of its road the plaintiff, for a valuable consideration, obtained the unqualified written consent of Eliza J. Cocks, for herself and her son, John J. Cocks, for the construction and operation of its railroad, with a proviso, however, that such consent was not to affect the question of compensation for damages; that all necessary consents were obtained to authorize the construction and operation of the elevated railway through Fulton street, and it was built and ready for use in April, 1888. In May, 1892, the

owners of the property made a contract with the other defendants for the erection of a large building upon the property, which contemplates the excavation of a vault beyond the curb line of the street in front, and about five feet and nine inches below the columns of the plaintiff's road. Two of the columns of the plaintiff's road were placed near the curb line, on the inside of the curbstone, in front of the property of Eliza J. Cocks and her son, in relation to which the consent was given.

The terms of the consent are not given; neither does the complaint state whether the defendants Cocks have any interest in the street beyond that of an ordinary abutting owner. The precise legal effect of the consent of these owners cannot, therefore, be now determined; for, if these defendants owned the fee of the street where the columns stand, their consent might operate as a grant of an easement, but, if their ownership extends only out to the line of the street, then their consent may operate by way of estoppel. But the consent must have some legal effect. Either it created an easement in, and imposed a servitude upon, the land, or it must operate by way of estoppel against the owners. The consent was to the construction and operation of the road, and it therefore authorized the plantation of the columns at appropriate places for the reception of the superstructure, and every other incidental act necessary to carry into effect the intention of the parties, in accordance with the fundamental principle of universal applicability that, wherever a general power to do a thing is given, every particular power necessary for doing it is included. The columns must have both lateral and perpendicular support, and as against the defendants the plaintiff is entitled to both, because both are essential to the enjoyment of the right conferred by the consent, and are therefore, in contemplation of law, included in it. Moreover, it is necessary that both should be undisturbed and unlimited. It was to secure a permanent and continuous right that the plaintiff obtained the consent, and paid therefor; and if now it has no greater rights than an adjoining owner to support, and is obliged to protect its columns whenever the defendants desire to excavate beneath their base, then, indeed, is the consent a delusion and its procurement a folly. If now the defendants can excavate at pleasure, as if no consent had been given, and cause the subsidence of the elevated structure with impunity, then the procurement of the consent was an idle ceremony, and the plaintiff paid its money for naught. Such cannot be the case. Equity will permit no such result. The consent must have the full force of its signification and intention. Its design was to confer the right to construct and operate the railroad as it is now constructed and operated. My conclusion is that the complaint states sufficient facts to constitute a cause of action, and the plaintiff is entitled to judgment upon the demurrer, with leave to the defendants to answer in 20 days on payment of $20 costs.